NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 10 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PAULINE DUVAL,<br><br>    Plaintiff-Appellant,<br><br> v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>    Defendant-Appellee. | No. 20-16130<br><br>D.C. No. 2:18-cv-02701-KJN<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Eastern District of California
Kendall J. Newman, Magistrate Judge, Presiding

Submitted November 18, 2021**
San Francisco, California

Before:  PAEZ, WATFORD, and FRIEDLAND, Circuit Judges.

Pauline Duval ("Duval") appeals the district court's judgment affirming the

Social Security Commissioner's denial of her application for disability benefits

under Title II of the Social Security Act, 42 U.S.C. §§ 416, 423.  Duval challenges

---

  *  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

  **  The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

the Administrative Law Judge's ("ALJ") decision to give "little weight" to the opinion of her treating physician, Dr. Valery Tarasenko ("Dr. Tarasenko"), as contrary to the record evidence. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court judgment affirming an ALJ's denial of benefits and will "disturb the denial of benefits only if the decision contains legal error or is not supported by substantial evidence." *Ford v. Saul*, 950 F.3d 1141, 1153–54 (9th Cir. 2020) (internal quotation marks and citation omitted). We affirm.

An ALJ's decision to give "little weight" to a treating physician's opinion must be "supported by substantial evidence." *Id.* An ALJ must consider all "medical opinions" and "relevant evidence" in the administrative record in determining whether a claimant is disabled. 20 C.F.R. § 404.1527(b). Generally, a treating physician's opinion is entitled to greater weight than the opinions of non-treating doctors. *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014). If a treating physician's opinion is contradicted by other record evidence or another doctor's opinion, however, an ALJ may reject it if he provides "specific and legitimate reasons" supported by "substantial evidence" to discount that opinion. 20 C.F.R. § 404.1527(c)(2); *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). A conflict between a treating physician's opinions and his treatment notes can constitute a "specific and legitimate reason" for rejecting the physician's opinions. *Ford*, 950 F.3d at 1154; *see also Bayliss*, 427 F.3d at 1216.

2

In denying Duval's application for benefits, the ALJ provided "specific and legitimate reasons," supported by substantial evidence, for giving little weight to Dr. Tarasenko's opinion as stated in his June 2015 medical source statement. First, Dr. Tarasenko's medical diagnosis of "[r]ight shoulder impingement syndrome with adhesions" was inconsistent with his treatment notes, which showed "[n]o evidence of impingement or rotator cuff pathology." Second, Dr. Tarasenko's opinion that Duval experienced chronic pain and that it "interfere[d]" with her ability to concentrate and complete tasks was inconsistent with Dr. Tarasenko's treatment notes, which twice stated that Duval's pain did not interfere with her "concentration."

Third, Dr. Tarasenko's opinion regarding Duval's physical limitations was inconsistent with his treatment notes regarding Duval's "activities of daily living." As reflected in the record, although Dr. Tarasenko opined that Duval cannot "grocery shop," "prepare simple meals," or "pick up small objects" independently, his treatment notes reported that she can cook, drive, feed herself, and dress herself. Dr. Tarasenko further opined that Duval cannot "reach[], grasp[], pull[] or push[] objects associated with maintaining personal hygiene." By contrast, Dr. Tarasenko's treatment notes stated that Duval can bathe and dress herself.

By identifying the above inconsistencies, the ALJ provided specific and legitimate reasons for discrediting Dr. Tarasenko's opinions and that determination

3

was supported by substantial evidence. *Ford*, 950 F.3d at 1153–54. Because Duval does not challenge any other aspect of the ALJ's decision and fails to identify any legal error, there is no basis to disturb the ALJ's decision.

**AFFIRMED**.